UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTISLA S. BEST,<br><br>      Plaintiff,<br><br>-against-<br><br>VALERIE PELS (JUDGE);<br>ADMINISTRATION FOR CHILDREN'S<br>SERVICES; UNKNOWN PALMER; ADAM<br>HASSUK ESQ.,<br><br>      Defendants. | 25-CV-1547 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings this action alleging that Defendants violated her rights during a family court custody proceeding and a subsequent visitation proceeding. She names as Defendants Family Court Judge Valerie Pels; the New York City Administration for Children's Services ("ACS"); an ACS attorney with the last name Palmer; and Adam Hassuk, the attorney appointed to represent Plaintiff's minor child. By order dated March 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On several dates in 2020, 2022, 2023, and 2024, in the New York County Family Court ("Family Court"), "the Defendants and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

employees of Family Court, case managers at the New York City shelters for families came together and manipulated the New York family statutes in a conspiratory way bringing about damages to my family." (ECF 1, at 5.) Plaintiff claims that Defendants violated Article 10 of the Family Court Act ("FCA"), the New York State statute that governs child protective proceedings in New York family courts, *see* N.Y. Fam. Ct. Act §§ 1011-1020, during child protective proceedings. Specifically, Plaintiff alleges that a "case manager makes statements . . . us[ing] no quotations. The education level and authority to use 'mental illness as a condition that my daughter will have if I continue to care for her.'" (ECF 1, at 5.) Plaintiff also alleges that "the report states that my children were left at the precinct, but the[n] give no physical address where the police officers dropped or returned them." (*Id.* at 6.) Finally, Plaintiff alleges that "these women . . . are ex-gang members, who manipulated Article 10 and lies to victimize my family and I, through racial & financial biases." (*Id.*)

Plaintiff indicates that she has been "deni[ed] visitation and custody through not allowing an acknowledgement of service of court dates due to me not have a cellular phone, or an USPS address." (*Id.*) Plaintiff "would like the court to investigate all case managers and ACS specialists with a background check and to see if any of these women are violent offenders, emotional abusers, or drug users with any gang affiliations." (*Id.*) Plaintiff does not otherwise seek any relief from Defendants.

Plaintiff attaches to the complaint court documents from the child protective proceedings, indicating that those proceedings took place in 2020. (*See* ECF 1-1, at 1-7) Those documents show that Plaintiff's child is no longer a minor. Plaintiff also attaches documents related to a petition for visitation where Defendant Judge Pels presided. Most recently, Plaintiff was notified

3

to appear before Judge Pels on March 28, 2025, in Family Court regarding this visitation proceeding. (*See id.* at 26.)

## DISCUSSION

Plaintiff brings this action seeking this Court's intervention in her Family Court child protective proceedings, which appear to be closed, and in an ongoing visitation proceeding. Because Plaintiff appears to challenge the process provided during these proceedings, the Court construes the complaint as asserting due process claims under the Fourteenth Amendment. These claims arise under 42 U.S.C. § 1983. The Court assumes that Plaintiff also seeks monetary relief from Defendants.

Plaintiff's claims against Judge Pels, who is presiding over the visitation proceedings, are dismissed under the doctrine of judicial immunity. Plaintiff's claims against Palmer, an ACS attorney, are dismissed because this government attorney is immune from liability. The claims brought against Adam Hassuk, the attorney for Plaintiff's minor child, are dismissed under Section 1983 for failure to state a claim. The claims brought against ACS are dismissed because ACS cannot be sued under the New York City Charter. To the extent these claims may be construed as brought against the City of New York, the Court dismisses such claims for failure to state a claim upon which relief may be granted. Plaintiff's due process claims, construed as brought under the Fourteenth Amendment, are dismissed for failure to state a claim. Finally, to the extent Plaintiff seeks to challenge the Family Court's decisions regarding custody and visitation, the Court is barred from doing so under the *Rooker-Feldman* and *Younger* doctrines.

**A.   The Court dismisses the claims against Judge Pels under the doctrine of judicial immunity**

Plaintiff's claims against Judge Pels must be dismissed under the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity," *id.* (citations omitted), because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation," *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Absolute immunity applies no matter how "erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199. (1985).

"[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Judicial immunity does not apply, however, when a judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature),

Plaintiff does not allege any facts suggesting that Judge Pels acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues this judicial officer for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Pels because they seek relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

**B.      The Court dismisses the claims against Palmer, the ACS attorney, because this government attorney is immune from liability in this case**

Plaintiff's claims against Palmer must be dismissed because government attorneys are immune from any liability arising from their conduct associated with the judicial process. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process.") (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[G]overnment officials initiating [administrative] proceedings and agency attorneys introducing evidence and cross-examining witnesses in them are absolutely immune from liability in damages for their decisions." *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986).

Here, Plaintiff's claims against Palmer are based on actions within the scope of this government attorney's apparent decision to initiate a child protective proceeding against Plaintiff and are associated with those proceedings. The Court therefore dismisses Plaintiff's claims against Palmer because they seek relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**C.      The Court dismisses the claims against Hassuk, the attorney for the child, because he is a private actor**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.

6

2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Thus, "an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (collecting cases), *aff'd*, 485 F. App'x 500 (2d Cir. 2012).

Because Defendant Adam Hassuk, the attorney assigned to represent Plaintiff's minor child in Family Court proceedings, does not work for any state or other government body, Plaintiff has not stated a claim upon which relief can be granted against him under Section 1983. The Court therefore dismisses Plaintiff's claims against Hassuk for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    The Court dismisses the claims against ACS because it is not a suable entity**

New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The Court therefore dismisses ACS from this action under the City Charter.

In light of Plaintiff's *pro se* status, the Court construes the claims brought against ACS as brought against the City of New York and, for the reasons set forth below, dismisses those claims for failure to state a claim.

**E.    The Court dismisses the claims against the City of New York because the complaint does not state a claim that the municipality caused a violation of Plaintiff's rights**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

7

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

The complaint does not state any facts suggesting that the City of New York violated Plaintiff's rights during the child protective proceedings or the visitation proceedings. Although Plaintiff disagrees with a report submitted to the Family Court by a case manager, Plaintiff does not state any facts suggesting that the City adopted a policy, custom, or practice that caused Plaintiff to suffer a constitutional violation. Indeed, as discussed below, Plaintiff does not allege any facts suggesting that any individual violated her constitutional rights. The Court therefore dismisses the claims against the City of New York for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.     The Court dismisses Plaintiff's constitutional claims, construed as brought under the Due Process Clause of the Fourteenth Amendment for failure to state a claim**

The Court construes the complaint as asserting due process claims, both a substantive due process claim related to the removal of her minor child from her custody, and procedural due process claims related to the child protective and visitation proceedings. These claims are construed as brought under the Due Process Clause of the Fourteenth Amendment.

1. **Substantive due process**

The substantive component of the Due Process Clause of the Fourteenth Amendment "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Among these rights are:

> [t]he right of [a] family to remain together without the coercive interference of the awesome power of the state. This right to the preservation of family integrity encompasses the reciprocal rights of both parent and children. It is the interest of the parent in the companionship, care, custody and management of his or her children, and of the children in not being dislocated from the emotional attachments that derive from the intimacy of daily association.

*Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir. 1977) (internal quotation marks and citations omitted); *see Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999) (noting that families have "a substantive right under the Due Process Clause to remain together without the coercive interference of the awesome power of the state" (internal quotation marks and citation omitted)). Thus, parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a child's removal. *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011) (internal quotation marks and citation omitted). This right to family integrity "'does not[,] [however,] automatically override the sometimes competing' government interest in protecting children, . . . particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 367 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)), *aff'd sub nom., E.D. & A.D. ex rel. Demtchenko v. Tuffarelli*, 408 F. App'x 448 (2d Cir. 2011) (summary order).

To state a claim for a violation of this substantive due process right, "a plaintiff must demonstrate that the state action depriving [her] of custody was so shocking, arbitrary, and

9

egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Cox v. Warwick Valley Cent. Sch. Dist.,* 654 F.3d 267, 275 (2d Cir. 2011) (internal quotation marks and citation omitted). "It is not enough that the government act be incorrect or ill-advised; it must be conscience-shocking." *Id.* (internal quotation marks and citation omitted). Thus, "[o]nly the most egregious official conduct can be said to be arbitrary in th[is] constitutional sense and therefore unconstitutional." *Id.* (internal quotation marks and citation omitted).

"Common negligence is categorically insufficient to shock the conscience, so [a] parent[] must raise an inference that [the defendants] acted maliciously before [an allegation] can even begin to support a violation of substantive due process." *Cox,* 654 F.3d at 276. The "mere failure to meet local or professional standards, without more, should not generally be elevated to the status of [such a] constitutional violation." *Wilkinson ex rel. Wilkinson v. Russell,* 182 F.3d 89, 106 (2d Cir. 1999) (citation omitted). Thus, courts have imposed liability only for "'obvious extremes,'" such as manufacturing evidence or ignoring exculpatory information. *Tuffarelli,* 692 F. Supp. 2d at 360 (quoting *Wilkinson,* 182 F.3d at 104).

Plaintiff's allegations are insufficient to suggest that any individual violated her substantive due process right of family integrity. Plaintiff does not explain with sufficient detail what conduct she considers shocking or egregious. Without such facts, it appears that Plaintiff seeks to challenge the decisions of the Family Court, which cannot be done here. Although Plaintiff's disagreement with the outcome of her Family Court proceedings may justify her challenging judicial decisions within the New York State court system, this disagreement standing alone does not support any claim that a defendant violated her constitutionally protected

right to family integrity. The Court therefore dismisses this substantive due process claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Procedural due process

The Court also construes Plaintiff's allegations as asserting that her child was removed from her custody without procedural due process of law. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

The right of family integrity is a liberty interest protected by the procedural due process protections of the Fourteenth Amendment. *See Southerland*, 680 F.3d at 142; *see, e.g., D.J.C.V. v. United States*, 605 F. Supp. 3d 571, 591-92 (S.D.N.Y. 2022); *Grullon v. Admin. For Children's Servs.*, No. 1:18-CV-3129 (LJL), 2021 WL 981848, at *5 (S.D.N.Y. Mar. 16, 2021). "As a general rule . . . before parents may be deprived of the care, custody, or management of their children without their consent, due process – ordinarily a court proceeding resulting in an order permitting removal – must be accorded to them." *Tenenbaum*, 193 F.3d at 593 (emphasis added). "However, in emergency circumstances, a child may be taken into custody by a responsible State official without court authorization or parental consent." *Nicholson v.*

11

*Scoppetta*, 344 F.3d 154, 171 (2d Cir. 2003) (internal quotation marks and citation omitted); *Southerland*, 680 F.3d at 142.

Plaintiff does not allege facts suggesting that she was deprived of procedural due process before her minor child was removed from her custody. Although Plaintiff does suggest that she was unaware of a court proceeding, because she did not have a cellphone, she does not provide any context for this incident or allege that she did not participate in the child protective proceedings before the Family Court rendered a decision regarding her custody. Because the complaint suggests only that Plaintiff disagrees with the outcome of the proceedings, it does not support a finding that she was denied procedural process. Accordingly, the Court dismisses this procedural due process claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

G.     **The Court cannot review the Family Court decision regarding Plaintiff's custody**

To the extent Plaintiff seeks review of the Family Court decision regarding Plaintiff's custody of her minor child, this Court lacks subject matter jurisdiction to hear such a claim, under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). This doctrine precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The *Rooker-Feldman* doctrine applies where a plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773

F.3d 423, 426 (2d Cir. 2014). Even where a plaintiff argues that her constitutional rights were violated, the *Rooker-Feldman* doctrine applies. *See, e.g.*, *Davis v. Westchester Cty. Fam. Ct.*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) (noting that a challenge to "the constitutional adequacy of the proceedings [wa]s of no help to" the plaintiff because the *Rooker-Feldman* doctrine applied) (collecting cases).

Plaintiff's challenges to the decision by the Family Court to remove her minor child are barred under the *Rooker-Feldman* doctrine. Should Plaintiff seek review of that decision, her remedy would be an appeal in the New York Court system. The Court therefore dismisses this claim for lack of subject matter jurisdiction.

H.   **The Court cannot intervene in Plaintiff's ongoing visitation proceeding**

The complaint indicates that Plaintiff has petitioned for visitation in the Family Court where a hearing was recently schedule in that court. To the extent Plaintiff seeks this Court's intervention in that matter, the Court lacks subject matter jurisdiction of her claims, under the *Younger* doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Application of the *Younger* abstention doctrine has been extended to three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). With respect to cases that fall within the third category, a federal district court should "stay its hand" where there are pending state proceedings involving the enforcement of

13

orders and judgments, out of "respect for the ability of state courts to resolve federal questions presented in state-court litigation." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

Here, *Younger*'s third category applies. Plaintiff seeks this Court's involvement in her ongoing Family Court matter. This Court's intervention, however, would implicate the Family Court's interest in enforcing its orders regarding Plaintiff's petition for visitation. *See, e.g.*, *Gerken v. Gordon*, No. 24-CV-0435 (MAD) (CFH), 2024 WL 4608307, at *4 (N.D.N.Y. Oct. 29, 2024) ("In the event that plaintiff's underlying state family court proceeding is currently pending, his request for this Court's involvement would implicate the *Younger* abstention doctrine."), *report and recommendation adopted*, No. 1:24-CV-435 (MAD) (CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024); *Wrobleski v. City of New York*, No. 18-CV-8208 (VSB), 2021 WL 4392548, at *4 (S.D.N.Y. Sept. 24, 2021) ("*Younger* applies where a plaintiff seeks an order from a federal court that would "frustrate [a] state's interest in enforcing the orders of the Family Court" or that would function to decide issues in a state proceeding that the state court system can decide itself.") (citation omitted). The Court therefore must abstain from intervening in this Family Court matter. The Court abstains from exercising subject matter jurisdiction and dismisses this claim.

I. **The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

14

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court finds that it would not be futile to permit Plaintiff to amend her complaint to allege more facts in support of any due process claims she wishes to pursue. The Court therefore grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead. To the extent Plaintiff seeks to challenge the Family Court's decision to remove her minor child from her custody, this Court lacks subject matter jurisdiction to review that Family Court decision under

15

the *Rooker-Feldman* doctrine. To the extent she seeks this Court's intervention in her ongoing visitation proceedings, this Court abstains from exercising subject matter jurisdiction and dismisses this her claim, under the *Younger* doctrine.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 14, 2025
       New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge