UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTISLA S. BEST,

                    Plaintiff,

            -against-                                          25-CV-1547 (LTS)

JUDGE VALERIE PELS; ADMINISTRATION            SECOND ORDER OF DISMISSAL
FOR CHILDREN SERVICES,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint

alleging that Defendants violated her rights. By order dated October 14, 2025, the Court

dismissed the complaint (1) for failure to state a claim; (2) as friviolous, because Plaintiff

asserted claims against a judicial officer who is immune from liability; and (3) because the Court

lacked subject matter jurisdiction of some of the asserted claims concerning Plaintiff's

underlying Family Court proceedings. The Court also granted Plaintiff 30 days' leave to file an

amend complaint. On December 19, 2025, and December 22, 2025, Plaintiff filed letters that

appear to be a response to the October 14, 2025 order of dismissal. In the letters, she generally

asserts that she is an "'unavoidable' casualty through 'homelessness, DSS Supervisor'" (ECF 14

at 2) and attaches various exhibits that do not appear related to her underlying claims. The Court

construes these submissions as Plaintiff's amended complaint.

        Because Plaintiff does not cure the deficiencies identified in the October 14, 2025 order,

or otherwise state any facts suggesting that she is entitled to relief from any named defendant in

this action, the Court dismisses this action for the reasons stated in its October 14, 2025 order.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P.

12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter civil judgment in this action.

SO ORDERED.

Dated:   February 24, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                 Chief United States District Judge

2